# Meyner and Landis LLP

reply to:
Catherine Pastrikos Kelly
Direct Dial: 973-602-3423
CKelly@meyner.com

Attorneys At Law
100 Park Avenue
16th Floor
New York, New York 10017
www.meyner.com

*New Jersey Address:*
One Gateway Center
Suite 2500
Newark, New Jersey 07102

June 5, 2025

**VIA ECF**
The Honorable John P. Cronan, U.S.D.J.

Re:   *Ermaris Bio, PBC v. Trustees of Columbia Univ. in the City of N.Y.*, No. 1:25-cv-03691

Dear Judge Cronan:

We represent Plaintiff Ermaris Bio, PBC and respond to Defendant Columbia University's pre-motion conference letter, dated June 2, 2025 (ECF 6), seeking leave to file a Motion to Dismiss Plaintiff's claim for Breach of the Covenant of Good Faith and Fair Dealing and demand for lost profits. Columbia's arguments are meritless and premature and fail to meet the Rule 12(b)(6) standard, requiring accepting Plaintiff's well-pleaded allegations as true and drawing reasonable inferences in Plaintiff's favor.[1] The Court should deny Columbia's proposed motion because it is without merit, will not streamline the litigation and raises fact disputes requiring discovery.

### 1.    Plaintiff's Covenant Claim Is Not Duplicative.

Columbia is wrong when claiming that Plaintiff's cause of action for Breach of the Covenant of Good Faith and Fair Dealing is redundant of its Breach of Contract claim. While both claims relate to the Option Agreement, the Covenant claim alleges distinct bad-faith conduct designed to frustrate Plaintiff's contractual rights, beyond mere non-performance. Specifically, Columbia covertly applied for a grant from the National Institutes of Health ("**NIH**") to fund the same research covered by the Option Agreement—research Columbia knew had already been successfully completed, rendering it ineligible for such funding. (ECF 1, ¶ 56-65, 98-100.) Columbia concealed this from Plaintiff and misled Plaintiff into believing that a license agreement was forthcoming. *Id*. This conduct rendered Columbia's promise to negotiate in good faith illusory, violating the covenant's pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.[2]

Unlike Plaintiff's Breach of Contract claim, which focuses on Columbia's refusal to negotiate an option to license in good faith, the Covenant claim addresses Columbia's affirmative acts to undermine the Option Agreement's purpose—by developing the same molecule with NIH

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[2] *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389, 663 N.E.2d 289, 291 (N.Y. 1995).

The Honorable John P. Cronan
June 5, 2025
Page 2

funds. (ECF 1, ¶ 97-101). Such conduct supports a separate claim, as in *Paramax Corp. v. VoIP Supply, LLC*, 107 N.Y.S.3d 231, 233 (4th Dep't 2019), where bad-faith deprivation of contractual benefits warranted an implied covenant claim. Columbia's reliance on *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013), is misplaced, as that case involved identical facts across claims, unlike the distinct bad-faith acts alleged here. At this stage, Plaintiff's allegations must be credited, precluding dismissal.[3]

## 2. Plaintiff's Demand For Lost Profits Was Contemplated By The Parties And Is Neither Speculative Nor Premature.

Columbia claims that Plaintiff's demand for lost profits ($1 billion) is: (a) not contemplated by the parties; (b) too speculative to be recoverable; and (c) consequential damages tied to hypothetical third party sales. Columbia's claims are without merit.

Columbia's claim that lost profits were not within the parties' contemplation is a factual issue inappropriate for dismissal.[4] The Option Agreement granted Plaintiff an exclusive option to negotiate a license for Columbia's patents in "all uses" of retinal disease compounds worldwide, showing Columbia knew Plaintiff's purpose was to commercialize a drug. The Complaint alleges Columbia knew Plaintiff's business purpose and the foreseeable harm of its breach. (ECF 1, ¶ 5, 8, 66, 86.) This satisfies the contemplation test, as damages are recoverable if defendant knew plaintiff's business depended on contract performance.[5] Columbia's reliance on Section 6 of the Agreement, limiting "costs and expenses," is misplaced, as it addresses transaction costs (*e.g.,* legal fees), not damages from breach.

Columbia's assertion that lost profits are speculative, citing *Kenford Co. v. Erie Cnty.*, 67 N.Y.2d 257, 261 (1986), misapplies the "new business rule" at the pleading stage. *Kenford* addressed proof at trial, not allegations in a complaint, and Plaintiff's Complaint provides a plausible basis for profits: a $20 billion retinal disease market, an effective molecule, and a ready-made plan with consultants, GMP material, and funding strategy. (ECF 1, ¶ 8, 21, 75-77, 90.) These facts distinguish Plaintiff from *Kenford's* speculative stadium venture.[6]

Columbia argues that lost profits are consequential damages, not general damages, as they stem from hypothetical third-party sales of an undeveloped drug, not payments under the Option Agreement. Even as consequential damages, however, the demand is viable. The Agreement's

---

[3] *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).
[4] *DistributorsOutlet.com, LLC v. Glasstree, Inc.*, No. 11-CV-6079, 2016 WL 1273229, at *11 (E.D.N.Y. Mar. 31, 2016) ("Whether liability for lost profits was 'fairly within the contemplation of the parties' at the time the agreement was formed is a question of fact.").
[5] *Ashland v. Janien*, 82 N.Y.2d 395, 403, 624 N.E.2d 1007, 1010, 604 N.Y.S.2d 912, 915 (N.Y. 1993).
[6] *Fam. Operating Corp. v. Young Cab Corp.*, 129 A.D.3d 1016, 1018, 12 N.Y.S.3d 213, 215 (2015) (upholding an award of lost profits where plaintiff's testimony was credible regarding the actual damages due to defendant's breach of contract and provided a "reasonably reliable foundation" upon which to calculate plaintiff's lost profits).

The Honorable John P. Cronan
June 5, 2025
Page 3

exclusivity clause barred Columbia from negotiating with third parties, tying its breach—failing to negotiate a license—to Plaintiff's lost opportunity to commercialize a drug in a $20 billion market. (ECF 1, ¶ 8, 90.) Consequential damages are recoverable if foreseeable and certain, which Plaintiff's allegations of a detailed business plan and market opportunity plausibly establish.[7] Columbia's reliance on *Kayo Corp. v. Fila U.S.A., Inc.*, 18-civ-3981, 2022 WL 381995, at *1 (S.D.N.Y. Jan. 26, 2022), is inapposite, as Plaintiff's plan mitigates the hypothetical nature of sales. Biotech startups routinely claim such damages despite FDA hurdles, and Plaintiff's allegations suffice at this stage.[8]

### 3. The Motion Is Procedurally Premature And Substantively Weak.

Columbia's proposed motion to dismiss will not streamline the litigation. It challenges only one of two causes of action, leaving the breach of contract claim entirely intact, and seeks to strike damages that are supported by detailed factual allegations. Both of Plaintiff's claims involve overlapping discovery (*e.g.,* Columbia's negotiations, NIH funding), and partial dismissal would not reduce the case's scope. Courts disfavor Rule 12 motions that do little to narrow the issues.[9] In addition, Columbia's motion would burden the Court with briefing and argument on claims that should proceed to discovery and summary judgment. Further, Columbia's proposed motion would burden the Court and parties with unnecessary briefing, contrary to Rule 1's goal of efficient resolution.

Should the Court nevertheless permit briefing, Plaintiff proposes the following schedule:

Columbia's Opening Brief:   June 27, 2025 (same as Columbia's proposal)

Plaintiff's Opp. Brief:   July 28, 2025 (Plaintiff's counsel is out of the office June 27-July 11, 2025)

Columbia's Reply Brief:   August 4, 2025

Accordingly, the Court should deny Columbia's request to file a motion to dismiss.

Respectfully submitted,
**MEYNER AND LANDIS LLP**

*Catherine Pastrikos Kelly*

Catherine Pastrikos Kelly

---

[7] *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 109-110 (2d Cir. 2007).
[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[9] *Chenensky v. N.Y. Life Ins. Co.*, 7-Civ-11504, 2011 WL 1795305, at *1, 3–4 (S.D.N.Y. Apr. 27, 2011).